UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 22-041-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5:26-045-DCR |
| V. | ) | |
| | ) | |
| ANTHONY WHIGHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Anthony Whigham was convicted by a jury for conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846, and aiding and abetting possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(l) and 18 U.S.C. § 2.  [Record No. 144]

At sentencing, Whigham objected to the presentence report ("PSR") which included information that he had been involved in a conspiracy to distribute methamphetamine.  [*See* Record No. 140.]  The undersigned overruled that objection because the jury found him guilty of conspiracy, foreclosing that argument.  [Record No. 151] Whigham also objected to the 7.383 grams of methamphetamine that the PSR attributed to him, arguing that the evidence during trial failed to demonstrate that amount.  [Record No. 140] But that objection also was overruled.  Ultimately, Whigham was given a middle-of-the-guidelines-range (324 to 405

- 1 -

months) sentence of 364 months incarceration to be followed by five years of supervised release.  [Record No. 151]

Whigham challenged his conviction on appeal based on an assertion of insufficient evidence that he conspired to distribute methamphetamine and on the drug amount attributed to him during sentencing.  However, the United States Court of Appeals for the Sixth Circuit affirmed this Court's determinations and judgment.  [Record No. 177] Specifically, the panel found that this Court complied with *Alleyne* in attributing 7.383 kilograms of methamphetamine to Whigham.  *Id.* at 5.  And it further explained that the jury found him "responsible for over 500 grams of methamphetamine as indicated on the verdict form."  *Id.* Finally, the Sixth Circuit determined that, contrary to the defendant's arguments, "there was sufficient evidence at sentencing both that he conspired to possess the full amount of drugs, subjecting him to 'the same penalties' as one who actually possessed them" and that "he aided and abetted that offense, rendering him 'punishable as a principle' for doing so."  *Id.* at 6 (quoting 21 U.S.C. § 846 and 18 U.S.C. § 2).  Therefore, it explained that "Whigham's lack of physical contact with the packages is irrelevant."  *Id.* at 6.

Whigham has now filed a motion to vacate, set aside, or correct his sentence based on claims of ineffective assistance of counsel.  [Record No. 181] And he attempts to impermissibly relitigate issues already addressed on appeal.  Whigham's motion will be denied for that reason and because he has failed to establish that his attorneys' assistance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance.

**I.**

To prevail, Whigham bears the burden of demonstrating that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory

limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). For a non-constitutional error, the movant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

Finally, when an issue was raised and answered on direct appeal, a § 2255 motion cannot be used to relitigate that issue, absent highly exceptional circumstances such as an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996) (citations omitted).

## II.

**The Arguments Raised and Answered on Appeal:** As the government notes, Whigham attempts to relitigate arguments that he made on appeal. [Record No. 186] Again, he attempts to challenge the sufficiency of the evidence presented during trial to convict him and that the purportedly incorrect amount of drugs attributed to him by the jury. [*See generally* Record No. 181-1] In support, he asserts that coconspirator and co-Defendant Victoria Cloud had involvement in other conspiracies in which he was not engaged. *Id.* at 3. Because of this, he insists that it was error to attribute to him the full drug weight of the four packages delivered to Cloud's home. *See id.* at 3–4. Relatedly, Whigham insists that no concrete evidence tied him to the narcotics (*i.e.*, no fingerprints, eyewitnesses, controlled buys, cell phone recovered, etc.). *Id.* at 3.

The Sixth Circuit addressed Whigham's sufficiency of the evidence argument on appeal and found that there was ample evidence for a jury to find him guilty of conspiracy. As the panel explained, the elements of a drug conspiracy conviction may be demonstrated by direct or *circumstantial* evidence. [Record No. 177 at 4] It then summarized the evidence presented at trial that would allow "a rational juror to determine beyond a reasonable doubt that Whigham knowingly participated in the conspiracy to distribute methamphetamine." *Id.* As the panel made clear, "Whigham's lack of physical contact with the packages is irrelevant" for a conspiracy or aiding and abetting conviction. *Id.* at 6.

Whigham also claims error because the jury did not use a special verdict form to determine drug type and weight attributable to him. [Record No. 181-1 at 3] But the Sixth Circuit directly addressed this assertion as well and found no error. [Record No. 177 at 5]

In short, Whigham cannot show deficient performance or prejudice for counsel not making the above arguments at the trial or appellate level because they would fail nonetheless. And indeed, they *did* fail on appeal. Aside from his inability to show either prong of *Strickland*, he is barred from relitigating these claims through a 2255 motion. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citations omitted).

Simply put, Whigham cannot show deficient performance or prejudice for counsel not making arguments that would have failed.

**Remaining Arguments:** The Sixth Amendment to the United States Constitution guarantees that criminal defendants are entitled to the right of assistance of counsel. *Beasley v. United State*s, 491 F.2d 687, 692 (6th Cir. 1974). To succeed on a claim of ineffective assistance of counsel, the defendant must satisfy two elements: (1) that counsel's performance

fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced by counsel's performance. *Strickland*, 466 U.S. at 687–88. Courts are highly deferential in evaluating counsel's performance and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688–90. Therefore, a defendant must show that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Regarding prejudice, a defendant must show that absent counsel's errors, the outcome of his proceedings would have been different. *Id.* at 694–95.

Whigham insists that the government withheld mitigating evidence when it failed to include in his PSR that there were five kilograms of methamphetamine in a box not connected to him. [Record No. 181-1 at 3, 6–7] However, he cites no legal authority that would require a PSR to include that information. And to the extent that he argues that counsel was deficient for not advocating to add that information, his argument fails. Had his PSR included information that there were five kilograms of methamphetamine in a box not tied to him, that would not have changed the sentence he received because *there was* sufficient evidence tying him to the 7.383 kilograms attributed to him.

Whigham further claims that his trial counsel was deficient for failing to "argue . . . properly" before the Court that the total drug weight in all four packages could not be attributed to him. [Record No. 181-1 at 6] However, during sentencing, his trial counsel *did* object to the drug quantity attributed to him. [Record No. 151] Nor can Whigham show prejudice. Even if counsel had "argue[d] this properly" the objection still would fail because the evidence tying him to those packages more than satisfied a preponderance of the evidence (*i.e.*, more likely than not). *Id.* at 5 (the undersigned concluding that "the defendant's objection and his position

is contrary to the evidence submitted during trial, which did identify him as the individual communicating with Ms. Cloud, and was the individual that she had contacted about the packages, and they discussed the packages").

Similarly, Whigham argues that his appellate counsel failed to argue that all the packages could not be attributed to him. [Record No. 181-1 at 6] But counsel raised that issue on appeal and the panel concluded that the following evidence was sufficient to make that finding by a preponderance of the evidence: a "DEA Chemist determined that the methamphetamine in the packages Whigham tracked weighed 7.383 kilograms." [Record No. 177 at 5] That trial and appellate counsel were ultimately unsuccessful in convincing the undersigned and the Sixth Circuit panel does not mean counsel was deficient.

Next, Whigham claims trial counsel was deficient for not moving for a *Fatico* hearing to determine proper culpability. [Record No. 181-1 at 4, 7–8] He suggests that narcotics detective Charles Johnson's initial misstatement about the number of packages searched caused the Court to improperly attribute drug weight to him. *Id.* at 4. And Whigham insists that the Court wrongly found him responsible for the full weight because others sent packages that were not tied to him. *Id.*

But unfortunately for Whigham, the undersigned was not confused by Johnson's testimony and did not improperly attribute excess drug weight to him. During the sentencing hearing, the undersigned outlined the evidence from trial that demonstrated Whigham was responsible for 7.383 kilograms of methamphetamine. [Record No. 151 at 4] When asked whether there was any additional information the defendant wanted to submit in opposition to that proof, counsel replied that there was none. *Id.* at 4–5. Similarly, Whigham still fails to

identify evidence that would have altered the amount attributable to him, as the government argues. [Record No. 186 at 4]

Either way, the Sixth Circuit has already determined that the methamphetamine attributed to him was supported by a preponderance of the evidence. [Record No. 177 at 5] Further, an evidentiary hearing is not necessary to resolve objections when the existing record provides adequate basis for resolving defendant's sentencing claims. *See United States v. Howard*, 69 F. App'x 249, 250 (6th Cir. 2003) (citing *United States v. Surratt*, 87 F.3d 814, 821 (6th Cir. 1996)). During trial, ample evidence was presented regarding the methamphetamine ultimately attributed to Whigham. Therefore, a hearing was unwarranted and would have been denied if requested. Contrary to his contention, no "procedural error" occurred because there was no hearing. [Record No. 187 at 6]

Whigham asserts that his sentence is greater than necessary to serve the purposes set forth in 18 U.S.C. § 3553(a). [Record No. 181-1 at 8–10] He also argues that his sentence creates a disparity with similarly situated defendants. *Id.* at 10–11. Finally, he claims that his lengthy sentence is proof that he is being punished for exercising his right to trial by jury because his co-defendant was sentenced to a significantly shorter term. *Id.* at 9.

As an initial matter, a 2255 motion is not the correct vehicle to challenge how a court weighed the 3353(a) factors. [Record No. 186 at 7 (citing *United States v. Wolfe*, Nos. 0:16-CR-6-DLB-REW, 0:17-CV-119-DLB-REW, 2018 WL 2075338, at *12 (E.D. Ky. Jan. 24, 2018)).] Insofar as Whigham argues his attorney was ineffective for failing to argue that his guideline range was "greater than necessary," that argument fails. During sentencing, counsel objected to the drug quantity attributed to Whigham and that he had been involved in a conspiracy. [Record No. 140] Two findings that increased his guidelines range. After

overruling those objections, the undersigned imposed a middle-of-the-range, within-guidelines sentence. [Record No. 151] Had trial counsel argued that the guidelines created by the Sentencing Commission were "greater than necessary" to accomplish statutory sentencing purposes, such a circuitous argument would not have been well-taken by the undersigned. Thus, he cannot establish either required prong of *Strickland*.

Concerning sentencing disparities, one of the purposes of the advisory guidelines is to *avoid* unwarranted sentencing disparities. *See United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011). Therefore, Whigham advances "an unconventional ground for challenging a *within-guidelines* sentence" when he argues that his guidelines should have been challenged on the basis that they created an unwarranted sentencing disparity. *See id.* And as the government surmises, the undersigned would not have varied from the guidelines *even if* Whigham's counsel had argued that meth purity sentences create unwarranted disparities. [Record No. 186 at 8]

Finally, Whigham's argument that the length of his sentence—when compared to his codefendant's sentence (who testified against him and accepted a plea agreement)—establishes that he was punished for exercising his right to trial, is unfounded. [Record No. 151 at 6] That the sentencing guidelines allow for reductions for acceptance of responsibility and other actions a defendant takes before or after indictment does not somehow create a sentencing disparity. For example, Whigham had nine criminal history points, placing him in Criminal History Category IV for purposes of calculating his guideline range. *Id.* If anything, and much like his prior argument, those guidelines help *prevent* such disparities.

Even so, Whigham's counsel *did* argue that a sentence "at the lower end of the statutory mandatory sentencing range would satisfy the statutory sentencing directive to avoid

- 8 -

unwarranted sentencing disparity" with his codefendant.  [Record No. 140 at 4] However, as

the undersigned addressed during Whigham's sentencing hearing, sentencing disparities are to

be considered *nationwide*, not within a particular case.   [Record No. 151 at 9] That the

undersigned disagreed with counsel's sentencing recommendation, does not make counsel

deficient.

In short, the defendant received a within-guidelines sentence.  And he fails to show

deficient performance or prejudice to the extent he challenges his sentence under the

ineffective assistance of counsel framework.[1]

**Miscellaneous Requests:** Whigham is not entitled to an evidentiary hearing because

his claims fail to allege facts that entitle him to relief or are otherwise contradicted by the

record.  [Record No 181-2] Nor are affidavits of counsel necessary where, as here, the record

establishes that they were not deficient or that there is no prejudice.  [Record No 187 at 1]

"Unless the [§ 2255] motion and the files and records of the case conclusively show

that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto."  28

U.S.C. § 2255(b).  That said, a hearing is *not* required "if the petitioner's allegations cannot be

accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact."  *Arredondo v. United States*, 178 F.3d 778, 782

---

[1]     Whigham raises new arguments in his reply pertaining to an alleged breakdown in
communication with counsel.  [Record No. 187 at 1–2, 15] Aside from the lack of merit to
those arguments under *Strickland*, it "is well-established that a party, including a movant in a
motion under § 2255, may not raise an argument for the first time in a reply brief."  *United
States v. Jones*, No. 5:14-CR-119-JMH, 2018 WL 5046669, at *5 (E.D. Ky. Oct. 17, 2018)
(citations omitted).  Accordingly, the Court declines to address the arguments because they
were waived and the government has had "no opportunity to respond to these new claims."  *Id.*

(6th Cir. 1999) (citation modified). The record in this case clearly establishes that Whigham's trial and appellate counsel were not ineffective and that he suffered no prejudice.

Likewise, the defendant has not shown that the appointment of counsel is necessary. [*See* Record No. 187 at 3.] The United States Constitution does not provide a right to appointed counsel in collateral proceedings. Instead, appointment of counsel is governed by 18 U.S.C. § 3006A. *See* 18 U.S.C. § 2255(g). Section 3006A vests discretion in district courts to appoint counsel for a financially eligible person when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

As interpreted by this Court, "[c]ounsel should be appointed [under 18 U.S.C. § 3006A] 'if given the difficulty of the case and the litigant's ability, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with a lawyer at his side.'" *United States v. Crumpler*, No. 6:07-113-DCR, 2011 WL 6322660, at *1 (E.D. Ky. Dec. 16, 2011) (quoting *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)). Further, appointment of counsel "is only warranted where a defendant makes a showing that it would be necessary." *United States v. Pierce*, No. 5: 14-056-DCR, 2021 WL 4189614, at *5 (E.D. Ky. Sept. 14, 2021).

The interests of justice do not require counsel to be appointed in this case. Whigham has demonstrated his ability to adequately argue his grounds for relief in his present motion. Further, denying him the relief he seeks is not a close call. He does not have a reasonable chance of winning even with a lawyer by his side. As discussed previously, many of Whigham's arguments were addressed on appeal, further supporting that appointing counsel is not appropriate.

Finally, a Certificate of Appealability is not warranted in this case. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B).  A Certificate of Appealability may be issued only when the defendant/movant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2).  To satisfy that burden, Whigham would have needed to show that reasonable jurists could debate whether his motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Reasonable jurists would not debate the conclusions reached herein because most of Whigham's claims were already litigated on appeal.  And it bears repeating: those that remain are not close calls.

### III.

Based on the foregoing discussion and analysis, it is hereby **ORDERED** as follows:

1.      Defendant/Movant Whigham's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 181] is **DENIED**.

2.      The claims raised in Whigham's collateral proceeding are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3.      A Certificate of Appealability will not issue.

Dated: May 13, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky